BEATTY T. BURKE, Appellant, *v.* DAVID A. SMITH et al.,
Appellees.

ERROR TO MACOUPIN.

A supplemental bill cannot be filed after a decree of dismissal of the bill to
which it is a supplement.

Where leave was given by the court to file an amended and supplemental bill
in a cause which had been dismissed, and afterwards the court on motion dis-
missed such amended and supplemental bill: — *Held,* that such dismissal was
proper.

Matters which occurred prior to the filing of the original bill, and not stated
therein, should be brought into the suit by amendment.

Matters which have occurred since the filing of the bill, should be brought in by
supplemental bill.

THIS suit was tried before WOODSON, Judge, at May term,
1853, of the Macoupin Circuit Court.

The opinion contains a statement of the case.

D. A. SMITH, for appellant.

J. M. PALMER, for appellees.

CATON, J.   The original bill in this suit was filed to enforce
the specific performance of an agreement for the sale of land.
The respondent pleaded the statute of frauds, whereupon the
complainant dismissed that bill, and afterwards, by leave of
the court, filed a supplemental bill for the purpose of recovering
back purchase-money which he had paid upon the parol agree-
ment for the purchase of the land.   One of the defendants in
the supplemental bill filed a cross-bill to the use of the com-
plainant in the supplemental bill, against the other defendants.
To this there was a demurrer.   Subsequently, the complainant,
by leave of the court, filed an "amended and supplemental bill."
Finally, a motion was made to dismiss the supplemental bill
and amended supplemental bill, which motion was sustained
by the court, and this is assigned for error.

The circuit court, in the first instance, mistook the practice in
allowing these supplemental bills to be filed, but at last decided
very properly in dismissing the whole proceeding.   When the
original bill for a specific performance was dismissed, that suit
was ended.   There was no bill pending to which a supple-
mental bill could be filed.   If the party was entitled to any

equitable relief, he should have sought it by an original bill. It is difficult to conceive what object the complainant had in filing a supplemental, instead of an original bill, unless it was the consciousness that a court of law was the proper forum to grant the relief sought by the supplemental bill, and a design to support the jurisdiction of a court of equity, upon the ground that the court, having the subject-matter before it, would go on and do complete justice between the parties. But this attempt to give the court jurisdiction can be sustained by no recognized principle of chancery practice. Even if the relief sought was properly within the province of a court of equity, it was not the proper subject for a supplemental bill. If brought into the suit at all, it should have been by an amendment to the original bill. A supplemental bill is proper where new matter has arisen since the filing of the original bill; but where matter which existed at the time the original bill was filed is to be brought in, it should be by an amendment. The leave to file the supplemental bill was improvidently granted, and the whole matter was properly disposed of by dismissal. The dismissal will not prevent the complainant from bringing an action at law, to recover back the purchase-money.

The decree of the circuit court must be affirmed.

*Decree affirmed.*