| 53 | 449 |
| 79 | 544 |
| 79 | 545 |

## FAGG V. MARTIN.

Decided October 18, 1890.

1. *Ejectment—Sufficiency of complaint.*

A complaint in ejectment is sufficient which alleges ownership in plaintiff and possession by defendant, and exhibits as evidence of title a deed to plaintiff from the commissioner of state lands.

2. *Overdue tax act of 1881—Constitutionality.*

The constitutionality of the overdue tax act of March 12, 1881, is reaffirmed.

3. *Act of January 26, 1883—Effect upon proceedings under the overdue tax act.*

The act of January 26, 1883, for the relief of persons who had not paid their taxes, did not annul any proceedings had under the overdue tax act prior to the passage of the former act.

APPEAL from *Conway* Circuit Court.

G. S. CUNNINGHAM, Judge.

*Sol. F. Clark* and *B. C. Coblentz* for appellants.

1. The overdue tax law is unconstitutional, and the chancery court had no jurisdiction. See cases *postea*.

2. The complaint did not state a cause of action. There are no averments in the complaint except ownership; none to aid the deed exhibited.

3. No deed was made to the State, as contemplated by

sec. 15 of the act, nor could the land be certified to the land office until the time for redemption expired. No title vested until after the two years allowed by law for redemption expired. Secs. 11 and 13.

4. Before the two years expired the legislature by act January 20, 1883, extended the time for paying the taxes for 1880 and 1881 until April 20, 1883. Acts 1883, pp. 3 and 7.

5. By act February 17, 1883, the overdue tax law was repealed.

6. Without a deed the State is completely within the statute of frauds. 61 Pa. St., 444; Black, Tax Titles, sec. 72; Cooley, Tax, pp. 351, 362; 45 Cal., 541.

7. Review the cases—47 Ark., 323; 5 S. W. Rep., 320, and 50 Ark., 188—and contend that these cases are wrong in principle and not sustained by authority, citing 10 Wall., 308; 112 U. S., 294; 95 U. S., 714; Cooley on Tax., pp. 358 to 362, and 322, note 1 to p. 324; Desty on Tax., pp. 726-7; Devlin on Deeds, secs. 1422-4; Black, Tax Titles, secs. 54, 55; 5 Wheat., 116; 6 Wheat., 119; 5 Ga., 185; 5 N. Y., 497; 6 Cow., 221, and many others.

*Ratcliffe & Fletcher* for appellee.

1. It was sufficient to allege ownership, the title of plaintiff and wrongful possession by defendant. Mansf, Dig., sec. 2632; 31 Ark., 528. The deed from the commissioner is *prima facie* evidence of title and that everything necessary to vest title in the State was done. 49 Ark., 266; 50 Ark., 190.

2. No deed is required in this or any other case of lands sold to the State for taxes. Acts 1881, p. 70, secs. 12, 13. A forfeiture and failure to redeem is sufficient. Any irregularities in the certificate of the clerk are cured after two years. 46 Ark., 96.

3. The validity of the law is established by 47 Ark.,

320; 49 Ark., 336; 50 Ark., 188, and it is held that a deed executed under a decree rendered under the law cannot be collaterally attacked.

4. The repeal of the law did not affect proceedings then pending, nor did the acts of January 26 and February 12, 1883. 44 Ark., 273. The intention of these last acts was to *relieve parties from the penalties*. It was a mere matter of grace. The collector had no power under them to resell the land, and his sale and the action of the clerk in allowing a redemption were void. 36 Ark., 508-510. The land could only be redeemed in accordance with the law in existence at the time of forfeiture. 12 S. W. Rep., 80. The State is not estopped by the acts of its officers in selling or allowing a redemption. 29 Mo., 593; 4 Allen, 57; 10 Bosw. (N. Y.), 249.

HUGHES, J. This was an action of ejectment for land described in the complaint, which avers ownership in the plaintiff and possession by defendants, and with which is exhibited as evidence of title a deed from the commissioner of state lands to plaintiff for the land in controversy. There are no averments in the complaint save the above.

The answers of the defendants deny title in plaintiff, claim title in themselves, and exhibit muniments of title upon which they rely; deny that there were taxes due and unpaid on said lands for the year 1880, for which the decree of the chancery court under the overdue tax law was rendered, because, they say, said land had been sold at the tax sale of 1881, and the same had been fully paid before the institution of the proceedings in said court; and aver that, by act of 26th of January, 1883, the time of the payment of the taxes for the years 1880 and 1881 was extended until the 20th of April, 1883, by which act it was provided that if said taxes were then paid, all penalties thereon should be remitted, *and that until said day no distress or proceeding to*

*compel payment of such taxes should be taken,* and that in case of failure to pay by that day, then the taxes, penalty and costs should be collected in the manner provided by law; that the taxes not being paid by the 20th of April, 1883 (and being on the tax books for that year for the purpose of such collection), the same were returned as delinquent for the taxes of 1880 and 1881, and were, pursuant to the provisions of said act, advertised and sold at the regular sale of delinquent lands on the 11th day of June, 1883, to W. B. Hervey, for the taxes, penalty and costs, chargeable to said lands for the years 1880, 1881 and 1882, being all the back taxes due against said lands; and that defendant Fagg redeemed the said lands from said Hervey pursuant to law by paying the treasurer of said county the full amount of taxes, penalties, costs and interest, as provided by law, and took the treasurer's certificate of redemption for the same, which is exhibited; that, after the sale of said land in the complaint mentioned, under the decree of the chancery court under the overdue tax law, which sale was made on the 26th day of December, 1881, to-wit: On the 17th day of February, 1883, the general assembly repealed the overdue tax law of March 12, 1881, and the act amendatory thereof; that the report of the sale of said land by the commissioner of the court to the court was made and filed on March 8, 1882, and the sale was confirmed on the 7th of October, 1882, and the clerk certified the land to the commissioner of state lands; all of which, being before two years for redemption of said lands under the overdue tax law, was a violation of the law and a fraud upon the rights of the defendants.

The defendants filed exceptions to the deed of plaintiff exhibited with his complaint and a demurrer to the com plaint on the ground that it did not state facts sufficient to constitute a cause of action.

Plaintiff demurred to the answers of the defendants. The

demurrer to the complaint was overruled, and the demurrer to the answers was sustained. Defendants excepted; judgment was given for plaintiff, and defendants appealed.

We think it was sufficient for the plaintiff to allege in his complaint his ownership of the land and exhibit the deeds and evidences of title upon which he relied, and that this was sufficiently done, and was a fair compliance with sec. 2632 of Mansfield's Digest. *Surginer v. Paddock*, 31 Ark., 528.

1. Ejectment—Sufficiency of complaint.

When a complaint fails to state a fact, which is essential to the cause of action, objection to it should be taken by demurrer. If it states the necessary facts in a defective, uncertain manner, objection to it should be made by motion to make it more specific. *Ball et al. v. Fulton Co.* 31 Ark., 379; *Bushey et al. v. Reynolds*, 31 Ark., 657; *Henry v. Blackburn*, 32 Ark., 449.

The demurrer to the complaint was properly overruled.

The question whether a deed was necessary, upon the forfeiture or purchase by the State, to vest title in the State, has been disposed of in the case of *Neal v. Andrews*, *ante*, p. 445, in which it is held that no deed was required.

The constitutionality of the overdue tax law has been sustained in several cases heretofore decided by this court. *Railway v. State*, 47 Ark., 323; *Williamson v. Mimms*, 49 Ark., 336; *McCarter v. Neil*, 50 Ark., 188.

2. Constitutionality of overdue tax act.

What effect did the act of the 26th of January, 1883, have upon the proceedings in the chancery court under the overdue tax law in this case? The sale or forfeiture to the State had been made and reported to the court and confirmed before the passage of this act, which did not undertake or purport to do more than to extend the time for the payment of the taxes of 1880 and 1881 till the 20th of April, 1883, on condition that, if the taxes were paid by that time, all penalties for non-payment should be remitted, and to stay or prevent any distraint or proceeding by any one to compel

3. Act January 26, 1883—Construction.

payment, until that day. But section 3, of the act provided that all taxes heretofore levied and unpaid by said 20th day of April, 1883, shall, with the penalty thereon for non-payment, be collected immediately thereafter, in the manner provided by law; it being the intention of the act only to remit the penalties upon such taxes as are paid by or before said day.

There seems to have been no intention upon the part of the legislature to annul any proceedings had, before the passage of this act, for the collection of taxes, and we have determined that the act cannot be so construed as to give it that effect. The demurrer to the answers was properly sustained.

The judgment is affirmed.