THE PARSONS WATER COMPANY v. C. W. HILL.

1. REVIEW — *Objections Not Raised Below.* Where, on the trial of a cause, the plaintiff is permitted to amend his petition, setting up a new cause of action, and the defendant does not object to it on that ground in the trial court, he cannot in this court assign the allowance of such amendment as error, and have the matter reviewed here, though he did object to the allowance of such amendment on other grounds.

2. ———— *Continuance.* Under the circumstances of this case, it was not an abuse of discretion on the part of the court to refuse a continuance of the case because of the amendment allowed to the petition.

3. PLEADING —*Amendment— Statute of Limitations.* Where an action is brought upon two promissory notes, and during the trial it is dismissed as to one of them without prejudice, and afterward the plaintiff amends his petition and claims the same amount as balance due on a settlement, and the pleadings show the settlement occurred more than three years before the petition was amended, it is error to overrule a demurrer to said petition, which alleges that the cause of action is barred by the statute of limitations.

4. EVIDENCE — *Judgment.* The evidence examined, and *held* sufficient to support the verdict and judgment as to the first cause of action.

*Error from Neosho District Court.*

THE opinion contains a sufficient statement of the case.

*Kimball & Osgood,* for plaintiff in error.
*Sluss & Stanley,* and *W. H. Criley,* for defendant in error.

Opinion by STRANG, C.: In 1883, the defendant in error contracted in writing with the plaintiff corporation to build water-works in the city of Parsons, Kas., and was to receive as compensation therefor $100,000 worth of paid-up-capital stock of said company, par value, and $50,000 worth, par value, of the mortgage bonds of said company, which stock and bonds were to be all the stock and all the bonds to be issued by said corporation. During the construction of said works the defendant in error did some extra work for the

10—46 KAS.

plaintiff in error, and when the works were completed, or about completed, he presented to the directors of said corporation a bill for $1,717.35 for said extra work. The company thought the bill too much, and finally the parties agreed upon a settlement, the company promising to pay Hill the sum of $1,100 by giving him a note for said sum, due six months from the 1st day of January, 1884. The water-works were turned over by Hill to the company. Soon afterward Hill called on Mr. Kimball, the president of the corporation, reminded him that he had settled with the company, and that the company was to give him its note for $1,100. Kimball made and signed notes for the company for $400 and $700 respectively, and delivered them to Hill. Said notes were to be attested by the secretary of the company, McKim, but the $700 note was to be held for some work to be completed by Hill before it was to be attested by McKim. Hill presented the $400 note to McKim, who attested it. Afterward he presented the $700 note to McKim for attestation. When McKim got possession of the note he took it to Kimball and showed it to him, who thereupon wrote across the face of the note, "not good until countersigned by McKim," and then directed McKim not to countersign it. McKim returned the note to Hill, having refused to countersign it. Afterward, on November 18, 1886, Hill brought suit against said corporation on said notes, declaring upon the $400 note for his first cause of action, and upon the $700 note for his second cause of action. The company answered by a general denial; and also alleged that Hill had never completed the water-works, and had so defectively constructed them, so far as he had progressed with the work, that the company had been compelled to spend large sums of money—specifying the same—to complete said water-works, and make them comply with the specifications which were a part of the contract for the construction of the works, and demanded judgment against Hill for a large sum. Hill replied, denying generally the allegations of the answer, and specially alleged the completion of the works according to the terms of the contract, the inspection and ac-

ceptance of the works by the company, and the undertaking of the company to pay him $1,100, and that the notes sued on were executed to.cover said $1,100. On the trial of the case, when the $700 note was offered in evidence, the company objected to its reception as evidence for the reason that the paper offered in evidence as the note of the corporation had never been executed by said corporation. The objection was sustained, and thereupon the plaintiff dismissed his second cause of action—the one founded upon the $700 note, without prejudice; and the case proceeded until the defendant below had introduced its evidence, and the plaintiff below had offered his rebuttal evidence, and was about to rest his case, when the said plaintiff, before resting his case, asked leave to amend his petition so as to conform his allegations to the facts proved, which leave was granted, and the petition was so amended as to state a cause of action for the $700 as due on settlement between the parties January 13, 1884. The defendant below objected to the amendment, and when it was allowed asked a continuance upon the ground that the company was not ready to try the case on the amended petition, but no showing was made, and the court refused to continue the case. The company then demurred to the second count in the petition, for the reason that it did not state facts sufficient to constitute a cause of action, and, if any cause of action was stated that it was barred by the statute of limitations. The demurrer was overruled. The defendant then answered this amended petition, substantially repeating its answer to the original petition. The defendant then introduced evidence as to said cause of action and rested, and the plaintiff rebutted. The jury rendered a general verdict for the plaintiff below in the sum of $1,071.71. Motion for a new trial was overruled.

The first matter to which the attention of the court is directed is the alleged error arising from the action of the court in permitting the plaintiff below to amend his petition during the trial. The plaintiff in error claims that the amendment introduced a new cause of action, and that the amendment

was therefore erroneous.   The defendant below objected to the allowance of the amended petition, but the objection was in the nature of a demurrer, and stated that the second count of the petition as amended did not state a cause of action, and, if it did, that the cause of action so stated was barred by the statute of limitations.   There was no ob-

1. Objection not raised below; review.

jection upon the ground that the amendment introduced a new cause of action into the case, and therefore that matter cannot be reviewed here.

The next complaint is based upon the refusal of the court to continue the case at the request of the defendant corporation, on the statement of its attorney that it was not ready to proceed with the trial on the amended petition.   The plaintiff below introduced no new evidence in chief after amending his petition.   The defendant below introduced evidence under the amended petition directed to the second cause of action, and the plaintiff presented a little rebuttal evidence thereto, and rested.   The original suit involved a cause of action for the same $700 declared·on in the amended petition.   It is true it was originally declared on in the form of a promissory note, while in the amended petition the note was abandoned, and the amount was claimed as a balance due on settlement; but the alleged note declared on in the original petition represented the same $700 due on the settlement declared on in the amended petition.   The defendant below had notice from the commencement of the suit that the plaintiff below claimed the $700 the same as he did the $400.   The case of the plaintiff below was tried in chief with the claim for the $700 in the case, and the record shows that the evidence all the way through the case related as much to the $700 claimed in both the original and in the amended petitions as it did to the $400 claimed in the original petition.   It cannot be said, then, that the defendant below was in any sense surprised by the amend-

2. No continuance.

ment.   Under such circumstances, and with no showing for a continuance by the defendant company, we cannot say that the court abused its discretion by refusing to continue the case.

The next allegation of error presented by the plaintiff in error, is the action of the court in overruling the defendant's demurrer to the amended petition in the court below. The demurrer alleged that the cause of action stated in the second count of the petition as amended was barred by the statute of limitations. The settlement between Hill and the water-works company, out of which the claim arises, was had on the 13th day of January, 1884. The amended petition in the case was filed July 21, 1887. It will be seen that, if the three-years' statute applies, it had run before the amendment was made, and the cause of action therein stated was barred, unless something had occurred to place the matter within the statute. Does the three-years' statute apply? The plaintiff's claim is for a balance due on settlement. The cause of action is not founded on a written agreement. It is an open account — balance due on settlement. The three-years' statute applies to such claims. The defendant in error argues that when the amendment was made it related back to the commencement of the suit, and by operation of law was thus brought within the statute. We do not think the statute can thus be avoided. If it can, there is nothing but the statute in relation to amendments to prevent any cause of action barred by the statute of limitations from being brought within the limit of the statute, by amendment, whenever another cause of action is pending between the same parties which was commenced before the statute had run against the new cause of action. Suppose the plaintiff below, on the same day that he dismissed his second cause of action, had instituted a new suit therefor — which he could have done, and probably should have been required to do — there would then be no question but that, if the statute had run at the commencement of said suit, it would be too late, and the cause of action would be barred. So, where a plaintiff, during the trial of his case, ascertains that he cannot recover on one of the causes of action in his petition, and thereupon dismisses his case as to said cause of action, but afterward is permitted to renew the same in another form, we think such renewal of his cause of action, so far as the statute of

limitations is concerned, is the commencement of a new action, and, if the statute has run against said cause of action when said amendment and renewal are allowed, the cause of action therein set up is barred.

The defendant in error also claims that the cause of action set up in the amended petition is founded upon the contract between the parties for the erection by him of the water-works. Here is where the difficulty in this matter, so far as the defendant in error is concerned, is found. The plaintiff below might have brought his action, so far as this cause of action is concerned, and, indeed, so far as both are concerned, upon the contract, setting up the contract, and then alleging the settlement under it, in which case the five-years' statute would have applied, and no part of the case would be barred. But the plaintiff below simply brought his action on two promissory notes. There was nothing in the petition referring to anything as a foundation for the cause of action therein stated, except the notes sued on. During the trial the plaintiff therein dismissed his second cause of action without prejudice, and subsequently renewed it in a different form, and basing it upon a balance due on settlement. In any view that we are able to take of this case, the statute has run against the cause of action set up in the amended petition. We have examined the authorities cited by counsel for the defendant in error, but fail to find anything therein to support the position assumed by counsel.

3. Statute of limitations; amendment of petition.

The fourth and fifth complaints were settled by the verdict of the jury. Each depended upon the evidence, which was conflicting upon all questions involved in these complaints. The verdict of the jury, therefore, is conclusive thereon.

4. Evidence supports verdict.

The last error assigned is founded upon an alleged erroneous instruction given by the court to the jury. We do not think it possible, under the circumstances of this case, for the jury to have been misled by the technical error on the part of the court in using the word "defendant" instead of the

word "plaintiff," in its instructions to the jury, when speaking of laying the mains.    The fact that the plaintiff, instead of the defendant, laid the mains was too well understood by the jury for them to be misled by a slip of the tongue in referring to the parties, or a party to the suit.

The plaintiff claims that the court, in its instruction referring to the amount of mains required by the ordinance to be laid in the city, left out the words "in said city," so that it did not appear from the instruction that the six miles of mains required by the ordinance to be laid must be laid in the city. While the court left out the words "in the city," yet the court used the following language: "And if you believe from the evidence that the defendant [plaintiff] laid six miles of pipe at places designated," etc.    With the ordinance, which required the six miles of pipe to be laid in the city, in evidence, this language of the court was equivalent to saying: "If you find six miles of pipe was laid in the city, then, so far as this feature of the contract is concerned, you would be justified in finding the plaintiff had complied with the same."    At any rate we do not think there is any material error in the instruction complained of.

It is recommended that the case be reversed as to the second cause of action, and affirmed as to the $400 and interest on same.

By the Court: It is so ordered.

All the Justices concurring.