TYNON v. HALL *et al.*

No. 870, Ind. T.    Opinion Filed November 23, 1908.

(98 Pac. 895.)

1.    EJECTMENT — Possession — Limitation.    Under section 4476, Mansf. Dig. Arkansas (Ind. T. Ann St. 1899, sec. 2942), in force in the Indian Territory prior to statehood, no action for the recovery of real property, when the plaintiff did not claim title to the lands, should be brought or maintained when the plaintiff, or his testator or intestate, had been five years out of possession.

2.    INDIANS—Adverse Claim to Lot in Townsite—Jurisdiction. Ejectment would not lie against an adverse claimant to a town lot in the Cherokee Nation in an action brought by a person

claiming right to possession under a deed from the Cherokee Nation, while a contest between the same parties involving the title to said lot before the townsite commission, a tribunal having exclusive jurisdiction over such contests, remains undetermined.

(Syllabus by the Court.)

*Error to the United States Court for the Northern District of the Indian Territory, at Vinita; Joseph A. Gill, Judge.*

Action by Andy Tynon against W. H. Hall and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*George E. McCulloch,* for plaintiff in error.

KANE, J.  This was an action in ejectment, commenced by the plaintiff in error, against the defendants in error, in the United States court for the Northern district of the Indian Territory, at Vinita, for the purpose of obtaining possession of a certain town lot in the town of Afton.  The plaintiff based his right to possession upon a certain deed made, executed, and delivered to him by virtue of the authority vested in the principal chief by an act of the National Council of the Cherokee Nation, approved on the 5th day of December, 1882.  The deed on its face purported to grant, sell, or convey to said plaintiff and to his heirs and assigns the right to possess, use, occupy, and control to the exclusion of all other citizens or persons whomsoever, and without limitation, as to time, lot 8, block 59, in said town of Afton, to have, hold, use, and enjoy the possession thereof subject to the superior right of ownership in fee vested and remaining in the Cherokee Nation.  It seems that the plaintiff never went into possession of said lot, or in any way attempted to exercise his right to possession acquired under said deed.  Some time during the following fall, one Eden inclosed it with another lot to which he held a Cherokee deed, and built thereon a dwelling house and other valuable improvements, amounting in value to several hundred dollars.  On the 15th day of December, 1899, Eden sold the lot to which he held the Cherokee deed to Martha Hall by transfer on the back of the deed, and he also sold to the said Martha Hall the

house, barn, fencing, and other improvements on lot 8. The Halls testified that, when they purchased from Eden, they thought they were acquiring all the land then within the inclosure. Immediately after the purchase, the Halls took up their residence on the premises, put several hundred dollars additional improvements thereon, and continued to make the same their home. After the townsite was appraised by the townsite commissioners, Mrs. Hall, who was a Cherokee by blood, filed upon the same and the lot was listed to her. Thereupon the plaintiff filed a contest against her before the townsite commissioners, and that case was pending at the time this cause was tried in the court below. On the 30th day of September, 1902, the plaintiff commenced this action. At the trial of the cause before a jury, the undisputed evidence disclosed the foregoing facts, and upon motion of the defendant the court peremptorily instructed the jury to return a verdict in his favor upon which verdict a judgment was rendered. Counsel for plaintiff in error insists that the court erred in instructing the jury to bring in a verdict for the defendants, that the verdict should have been for the plaintiff, as shown by the pleadings, or, at most, the case should have gone to the jury.

While there is no brief on file for the defendants in error, and we have not the advantage of having presented to us by counsel the theory upon which the court below decided the case, we are of the opinion that the judgment must be sustained upon the authority of *Robinson v. Nail*, 2 Ind. T. 509, 52 S. W. 49. There is no pretense on the part of the plaintiff in error that he had anything but a possessory interest in the land in controversy, or that he ever went into possession or did any act to indicate an intention on his part to exercise the right of possession granted him by the deed from the principal chief of the Cherokee Nation. From the time he received said deed until the time he commenced his action in ejectment a period of more than five years had elapsed. Section 4476, Mansf. Dig. Arkansas (Ind. T. Ann. St. 1899, § 2942), in force in the Indian Territory at the time the Cherokee deed was

issued to the plaintiff, provides that "no action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff, or his testator or intestate, has been five years out of possession." Mr. Justice Thomas in construing this section in *Robinson v. Nail, supra,* quotes with approval Mr. Chief Justice Springer in the case of *Meyers v. Mathis,* 2 Ind. T. 3, 46 S. W. 178, as follows:

"'This provision was put in force in the Indian Territory by the act of Congress approved May 2, 1890 (chapter 182, § 31, 26 Stat. 94), and the statute of limitations began to run at that time, and was in force in the Indian Territory more than five years previous to the institution of this suit. * * * This court will take judicial cognizance of the fact that the title to the lands in the Chickasaw Nation is in the nation, and not in the individual citizen thereof; and, although the plaintiffs in this case assert in their petition that they were seized of the premises, yet this court must construe the language as applicable to the conditions which exist in that nation. The court below could not have adjudged the title to the premises to be in the appellants. It could only have adjudged the right of occupancy to be in them. Hence the appellants were not claiming the title to the lands in question, but were only claiming the right of occupancy to them, which one Indian may have of a part of the public domain of the nation. Having been out of possession for more than five years next preceding the institution of the suit, they could not maintain an action for the possession of the right of occupancy of the premises in question.'"

Mr. Justice Thomas then continues: "The same rule would apply in an action to recover the possession of lands and improvements in the Choctaw Nation." We can see no reason why it should not also apply in the Cherokee Nation. There is no difference in principle between these cases. The title to the land in each was admittedly in the nation, and each of the parties complaining had a possessory right only. The Arkansas statute seems to apply to just such cases.

There may also be another reason for sustaining the judgment of the court below. The defendant, Martha Hall, a Chero-

kee by blood, was claiming the lot by reason of her purchase from Eden, who was also a Cherokee citizen, and she had been in actual peaceable possession of the same from the time she purchased it to the time the suit was brought at least. She duly filed upon the lot before the Cherokee townsite commission, and the plaintiff filed a contest against her. What the outcome of the contest was does not appear from the record, but it would seem that under the showing made the court below was evidently of the opinion that the possession of defendant, which was clearly adverse to the right of the plaintiff, ought not to be disturbed while the contest was pending before the townsite commission, a tribunal which had exclusive jurisdiction over that class of litigation. It is not unusual for courts to entertain ejectment suits to sustain the possessory rights of a plaintiff against mere traspassers or intruders, but such relief is invariably refused as between adverse claimants to the public domain. We believe there is similarity in principle between such case and the case at bar.

In *Adams v. Couch et al.,* 1 Okla. 17, 26 Pac. 1009, the third syllabus reads as follows:

"The land department of the government will not be interfered with by the courts while it has charge of any contest proceeding between adverse claimants of the land."

Mr. Justice Seay, who delivered the opinion of the court, after an exhaustive review of the authorities on this question, further says:

"We have no doubt that the manifest intent of the laws of the United States was to invest in the land department exclusive jurisdiction of all questions relating to the sale and disposition of the public lands, up to the time of the issuing of the patent. While we do not wish to be understood as saying that this court, in a proper case, might not, or would not, grant relief on the prayer of a *bona fide* homesteader against a mere intruder or trespasser, we are of the opinion that the court under the pleadings of this case has no jurisdiction to eject the defendant."

Upon the authority of the foregoing cases, the judgment of the court below is affirmed.

All the Justices concur.