## REYNOLDS v. HILL.

No. 628.   Opinion Filed November 16, 1910.

Rehearing Denied April 8, 1911.

(114 Pac. 1108.)

1.   PLEADING—Demurrer to Supplemental Petition—Scope. A de-murrer to a supplemental petition filed pursuant to Wilson's Rev. & Ann. St. Okla. 1903, sec. 4348, runs to the allegations of both the original and supplemental petitions.

2.   PLEADING—Waiver of Objections—Filing Answer and Going to Trial. Where plaintiff, without objection, filed a supplemental petition setting up a new cause of action, the error, if any, is waived where defendant files answer and goes to trial upon the issues thus joined.

3.   PLEADING—Waiver of Objections—Filing Answer. Misjoinder of causes of action as ground of demurrer filed after answer is waived by filing answer.

4.   APPEAL AND ERROR—Briefs—Sufficiency. Where a party complains of instructions given or refused and fails to set out in his brief such as he excepts to, as required by rule 25 of this court (20 Okla. xii, 95 Pac. viii), the same may not be con-sidered.

(Syllabus by the Court.)

*Error from District Court, Grady County; S. H. Russell, Judge.*

Action by Dave Hill against C. A. Reynolds. Judgment for plaintiff, and defendant brings error. Affirmed.

*F. E. Riddle,* for plaintiff in error.
*Bond & Melton,* for defendant in error.

TURNER, J.   On November 25, 1902, Dave Hill, defendant in error, as plaintiff, sued J. W. Blassingame in the United states Court for the Indian Territory, Southern District at Chickasha, in ejectment, alleging himself to be a member of the Chickasaw Tribe of Indians, defendant a citizen of the United States, and both residents of said district; that he was the owner and entitled to the immediate possession of about 560 acres of land (describing it) in the Chickasaw Nation in said district; that defendant unlawfully held possession of the lands and refused to deliver the same to him; that said land had been segregated from the public domain of said nation and improved by one Charles Campbell, a Chickasaw Indian by blood who held and occupied the same until his death; that thereafter, on November 18, 1902, the widow and heirs of said Campbell, members of said tribe, by quitclaim deed of that date, sold and conveyed to plaintiff all their right, title, and interest in and to said lands and improvements, and filed a copy of said deed marked "Exhibit A"; that he is the father of four minor children, all members of said tribe by blood; that said lands were selected and purchased for the purpose of taking the same as their allotment; that he holds no other lands in excess of the amount to which he and they are entitled to allot; and prays for possession and damages for its unlawful detention.   For answer Blassingame filed, in effect, a general denial and set up as evidence of his right to the possession of said lands a bill of sale dated January 21, 1899, from the widow of said Campbell, conveying them to him, and alleged that immediately upon said conveyance he took and held possession of said lands until December 10, 1902, at which time he sold the same to J. W. Brimmage, a member of the Choctaw Tribe, who, on March 6, 1903, sold the same to one C. A. Reynolds for his minor children, and that said Reynolds has since held peaceable possession of the same.   On November 7, 1903, said Reynolds,

"for himself and his four minor children," naming them, by leave of court, filed separate answer in which he alleged them to be citizens of the Chickasaw Nation and entitled to the lands in controversy. After general denial and a specific denial of plaintiff's title, he set up his title to the land as deraigned by Blassingame, marked said conveyances "Exhibits A, B, and C," and asked to be discharged with his costs.

On December 5, 1907, plaintiff, by leave of court, and without objection, filed a supplemental petition pursuant to Wilson's Stats. of Okla., § 4348, stating in substance that at the time of filing the original complaint he was the owner of the improvements on the land therein described and entitled to possession of the same for the purpose of selecting thereon allotments for himself and family; that he is the father of James B. and Harry F. Hill and guardian of Louis James, minors; that since that time he has selected from the lands sued for certain land, describing it, as allotments for said minors, for which they later received patents, which are filed as "Exhibits A, B, and C"; that they are the owners of the lands described in said patents and entitled to the immediate possession thereof; that defendant wrongfully withholds the same; that they are entitled to the rents and profits thereof since the date of their patents, and he to the same prior thereto while wrongfully withheld from him by defendant; and asked and was granted leave, without objection, to continue the prosecution of the action in his own name, as the legal guardian of said Louis James and as next friend for his said minor children. To this Blassingame did not plead, and no further action was taken against him. On April 23, 1908, Reynolds answered, in effect, a general denial, and further alleged that a short time after this suit was brought, a contest arose in the Land Department between plaintiff and defendant, which was decided in favor of plaintiff by the Commission to the Five Civilized Tribes and by the Commissioner of Indian Affairs, which, on appeal to the Secretary of the Interior, was by him vacated and set aside and judgment rendered in favor of defendant; that while said contest was pend-

ing before the Secretary of the Interior, and before the same was finally determined by him, patents were issued to J. B. and Harry F. Hill, minor children of plaintiff, and his ward, Louis James; that the Secretary of the Interior had requested the Attorney General of the United States to file suit to cancel said patents, "which said suit will be filed in a few days"; and prayed that the cause be continued until said contest is settled. After motion to strike the allegations pertaining to said contest was filed and sustained and a demurrer to the supplemental petition filed and overruled, on April 24, 1908, upon the issues thus joined, there was trial to a jury. To maintain the issues on his part plaintiff introduced in evidence said patents, proved defendants to be in possession of 350 acres of the lands described therein, the amount of damage, and rested.

Defendant offered no testimony in support of title in himself, but confined the same to reducing the damage. At the close of the testimony, the court, in effect, instructed the jury to return a verdict for plaintiff, which was done, and, after judgment for the land and damages for its detention was rendered and entered thereon, defendant brings the case here. Defendant contends that the court erred in overruling his demurrer to the supplemental petition because, he says, the original petition fails to state a cause of action, in that, as the same discloses plaintiff did not then claim title to the land and had been out of possession for more than five years, his suit was barred, and hence could not recover on a title subsequently accrued. In support of this contention he relies on Mans. Dig. § 4476 (Ind. T. Ann. St. 1889, § 2943), which reads:

"No action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff, or his testator or intestate, has been five years out of possession."

This supplemental pleading was filed pursuant to Wilson's Stats. of Okla. § 4348 (substantially Mans. Dig. § 5048 [Ind. Ter. Ann. St. 1899, § 3289]), which reads:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case occurring after the former petition, answer or reply."

Construing pleadings filed pursuant to a statute of similar import, the court, in the case of *Big Creek Stone Co. et al. v. Seward et al.,* 144 Ind. 205, 42 N. E. 464, 43 N. E. 5, said:

"The complaint and the supplemental complaint are to be considered together as constituting the statement of the plaintiff's cause of action as if all of the facts stated in both were embodied in a single pleading. Together they constitute the complaint. *Pouder v. Tate,* 132 Ind. 327 [30 N. E. 880]; *Wayne Pike Co. v. Hammons,* 129 Ind. 368 [27 N. E. 487]; *Peters v. Banta,* 120 Ind. 416 [22 N. E. 95, 23 N. E. 84]; *Simmons v. Lindley,* 108 Ind. 297 [9 N. E. 360]; *Lewis v. Rowland,* 131 Ind. 37 [30 N. E. 796]."

Concerning which the court, in *Musselman v. Manly,* 42 Ind. 462, also said:

"A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint and assumes that the original complaint is to stand. A supplemental complaint must consist of facts which had arisen since the filing of the original complaint. It may be filed after answer; but, whether filed before or after answer, it must be filed on motion and by leave of the court and must show upon its face that it is supplemental to the commencement of the action. Matters which occurred prior to the filing of the original complaint, and not stated therein, should be brought into the suit by amendment. Matters which occurred since the filing of the complaint should be brought in by supplemental complaint. If the defendant has answered the original complaint, he may answer the supplemental complaint; but he cannot make any further answer to the original complaint except by special permission of the court. *Dann v. Baker,* 12 How. Prac. [N. Y.] 521; *Van Stantvoord, Pl.; Burke v. Smith,* 15 Ill. 158."

See, also, *Wade v. Gould,* 8 Okla. 690, 59 Pac. 11.

Letting the demurrer run to the allegations of both the original and supplemental petitions, the question is: Do they disclose

that plaintiff's suit was barred by said statute? We think not, for the reason that nowhere therein does it appear that plaintiff had failed to exercise his right of possession within the time prescribed by the statute, or that defendant or Blassingame, from whom he took title, had been in the actual adverse possession of the land for more than five years prior to the institution of the suit. Applying the doctrine laid down in *Robinson v. Nail,* 2 Ind. T. 509, 52 S. W. 49, and *Myers v. Mathis,* 2 Ind. T. 3, 46 S. W. 178, this court, in *Tynon v. Hall,* 22 Okla. 684, 98 Pac. 895, in an action of ejectment, where plaintiff had failed for more than five years prior to the commencement of his action to exercise his right of possession under a deed from the Cherokee Nation to a lot within a town site in said nation, said:

"There is no pretense on the part of the plaintiff in error that he had anything but a possessory interest in the land in controversy, or that he ever went into possession or did any act to indicate an intention on his part to exercise the right of possession granted him by the deed from the principal chief of the Cherokee Nation. From the time he received said deed until the time he commenced his action in ejectment a period of more than five years had elapsed."

All that the pleadings in question on this point disclose is that plaintiff, a Chickasaw, on November 18, 1902, bought the land from the heirs of Charles Campbell, also a Chickasaw, who died the owner and in rightful possession thereof. The date of Campbell's death, and therefore how long it occurred before the purchase was made, does not appear, and hence the face of the pleading does not disclose how long plaintiff was out of possession prior to the beginning of his suit. There is nothing in this point. Neither is there anything in the point that the pleadings must disclose possession by plaintiff and ouster by defendant. To entitle plaintiff to recover it was necessary to allege a *prima facie* case only, which he did when he set up ownership in himself, its transfer by operation of law to his two children and his ward, evidence of whose title was exhibited, and possession of said

land by defendant. Mans. Dig. § 2635 (Ind. T. Ann. St. 1899, § 1919); *Fagg v. Martin,* 53 Ark. 449, 14 S. W. 647.

As to whether or not the setting up of a new cause of action, and that, too, in his two children and his ward, and accruing since the bringing of the suit, was a proper subject of amendment, we need not state. · It is sufficient to say that the right to so amend and have the suit proceed was claimed and allowed without objection under Wilson's Stats. of Okla. 1903, § 4238, which reads:

"An action does not abate by the death or disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party, the court may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action"

—bringing the case within the rule that where a cause is tried upon the theory that the issues are properly joined, and no exception or objection is taken in the trial court, it is too late to raise such here. *Kirsch v. Kirsch,* 83 Cal. 663, 23 Pac. 1083; *Water Co. v. Hill,* 46 Kan. 145, 26 Pac. 412. In effect conceding that the demurrer so ran, defendant insists that the petition is bad for "misjoinder" of parties plaintiff. But as this is no ground of demurrer under Mans. Dig. § 5028, or under our statutes (*Stiles, Treas., v. City of Guthrie,* 3 Okla. 26, 41 Pac. 383; *Owen et al. v. City of Tulsa,* 27 Okla. 264, 111 Pac. 320), we pass to the next contention, which is that there is a misjoinder of causes of action.

Assuming, but not deciding, that such appears from the face of the pleading, the trial court, in effect, held that this ground of demurrer was waived by answering to the merits. In this there was no error. Mans. Dig. § 5031 (Ind. T. Ann. St. 1899, § 3236), and Wilson's Stats. of Okla. (1903) § 4295, provide:

"When any of the defects enumerated in section ninety-five do not appear upon the face of the petition, the objection may be

taken by answer; and if no objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action"

—concerning which, in construing an identical statute, the court, in *Hudson v. Wright,* 204 Mo. 412, 103 S. W. 8, said:

"Expounding this statute, it has always been held that, absent a demurrer, when such defect, if any exists, be on the face of the petition, as here, it comes too late after answer to raise such question."

See, also, *Clark v. Grambling,* 54 Ark. 525, 16 S. W. 475; *Bailey v. Rockafellow,* 57 Ark. 216, 21 S. W. 227.

For the reasons stated, the court did not err in refusing to charge the four requests set forth on page 21 of the brief of plaintiff in error, the first of which was, in effect, to find a verdict for defendant. The contention that the portions of defendant's answer stricken set up an equitable defense, and for that reason the court erred in striking same and should have transferred the cause to the equity docket, cannot be sustained for the reason that while we recognize the general doctrine that courts will not exercise their jurisdiction in ejectment while a contest between the parties over the land is *in fieri* in the Land Department of the government and prior to the time the government has parted with the title, when said contest is ended and patents issue, this court will then proceed to put the owner of the patent in possession of the land therein conveyed. This for the reason, as stated in the syllabus of *Moore v. Robbins,* 96 U. S. 530, 24 L. Ed. 848:

"A patent for any part of the public lands, when issued by the Land Department acting within the scope of its authority, carries with it, when delivered and accepted by the grantee the legal title to the land, and with it passes all control of the Executive Department of the Government over the title."

We will not consider the seventh assignment of error, which is: "Error of the court in the charge to the jury and each line and paragraph thereof, as designated as paragraphs in the court's

charge Nos. 3, 4, 5, 6, 7, and 8"—for the reason that it fails to comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii).

There is nothing in the remaining assignments.

Finding no error in the record, the judgment of the trial court is affirmed.

All the Justices conur.