## BAILEY v. ROCKAFELLOW.

### Opinion delivered January 28, 1893.

1. *Abatement of action—Discharge of administrator—Waiver.*
   Where an administrator instituted suit, for the benefit of those interested, to enforce the collection of an indebtedness to his intestate, his final discharge as administrator before judgment was rendered in the suit may be taken advantage of by a supplemental answer in the nature of a plea in abatement; but the defense will be waived by failure to plead it.

2. *Mortgage—Payment—Effect of subsequent assignment.*
   Where a mortgage of land is satisfied by payment of the debt secured, the lien becomes extinct, and cannot be revived by a subsequent oral agreement, so as to make it a new security for a purpose different from that for which it was executed.

Appeal from Garland Circuit Court in Chancery.

ALEXANDER M. DUFFIE, Judge.

*U. M. & G. B. Rose* and *Chas. D. Greaves* for appellant.

1.   The facts in this case constitute a purchase, and not a payment.   Fox was merely the agent of Bailey in procuring the notes from Rockafellow.   A mortgage is not discharged if paid with the funds of another for the purpose of purchasing it for such person.   Thomas on Mortg. sec. 337 ; 1 Jones on Mortg. 944.

2.   One who purchases under a quitclaim deed occupies only the position of his grantor.   34 Ark. 590 ; 18 Minn. 405 ; 34 Tex. 442 ; 74 Me. 340 ; 2 Wall. 232 ; 3 How. 410 ; 40 Iowa, 482 ; 42 *id.* 48 ; 59 *id.* 371 ; 16 Minn. 26 ; 59 Mo. 444 ; 62 *id.* 147 ; 21 Ala. 125 ; 42 Me. 502.

3.   The administrator had the right to continue to prosecute the suit.   Mansf. Dig. sec. 4935.

*G. W. Murphy* for appellees.

1.   The payment of the note by Fox re-invested him with the title, and the mortgage became void.   The subsequent delivery to Bailey did not revive the lien.   34 Ark. 353 ; 30 *id.* 745 ; 5 Allen, 62 ; 91 Mo. 520 ; 42 Mo. App. 654 ; 2 Burr. 978 ; 57 Am. Dec. 467–8 ; 70 *id.* 655 ; 63 *id.* 334.

2.   There is no question of estoppel in the cause. 59 N. H. 453.

3.   The administrator, having been discharged, had no right to proceed with the suit.

BATTLE, J.   The facts which are necessary to be stated in order to make this opinion intelligible are as follows :   In September, 1875, C. N. Rockafellow loaned to J. O. Fox five hundred dollars ; and Fox executed to him a note for the amount loaned, due six months after date, and conveyed by deed to Samuel Lemly a tract or lot of land in trust to secure the payment of the same. The deed was acknowledged and recorded.   Afterwards, in February, 1876, Fox paid the note before its maturity, and Rockafellow returned it and the deed of trust to him. In a week or ten days after this, Fox and Dr. I. G. Bail-.

ey saw Rockafellow, and Fox asked him to assign the note to Dr. Bailey. Fox said that he had borrowed money from Dr. Bailey, and that Bailey would·take the note and deed of trust as security, stating the reason for so doing that it would save the expense of executing "new papers." Rockafellow assigned the note as requested.

On the first of August, 1878, Fox and his wife, for a valuable consideration, by quitclaim deed, conveyed to Laura G. Cable, who was afterwards Mrs. Laura G. Cressy, the lot or tract of land mentioned and described in the deed of trust.

After this Dr. Bailey died, and N. Y. Bailey was appointed his administrator, and he qualified and took upon himself the burden of administering the estate of his intestate; and on the 18th of June, 1885, brought this action to foreclose the deed of trust and collect the note. During its pendency, he was, on the 15th of March, 1890, after filing a final settlement, discharged as such administrator.

Mrs. Cressy having died, the action was, on the 3d of June, 1891, revived against A. P. Cressy, her administrator, and Sears Cable, her heir at law.

Notwithstanding his discharge, Bailey prosecuted the action, as administrator, for the benefit of those entitled to the note, without objection, to a final decree as to the administrator and heir of Mrs. Cressy, which was a dismissal of the action as to them; and he appealed to this court.

<span style="float:left">1. Practice as to abatement of actions.</span>The first question to be decided is raised by the contention of appellees to the effect that Bailey had no right to prosecute the action as administrator after his discharge. Regularly, the action should have been revived in the name of the proper parties, but the court did not lose jurisdiction of it. The discharge was no bar to the action. The defendants could have taken advantage of

it by a supplemental answer in the nature of a plea in abatement. But they had a right to waive it, and permit the cause to be tried upon its merits, without revivor, and did so, with notice of the fact, by a failure to plead it in any manner. *Spalding* v. *Wathen,* 7 Bush, 659; Mansfield's Digest, secs. 5028, 5031.

The right of Dr. Bailey, his administrator or distrib-   2. Discharg-
utees, to a lien on the land in controversy depends upon   ed mortgage
the effect of Fox's attempt to revive the deed of trust   not revivable.
which was executed by him to secure Rockafellow. The deed expressly provided that if Fox should pay the note executed to Rockafellow when it should become due, it should be void, and the property therein conveyed should be released. According to its terms, the estate and interest granted by it revested in Fox when the note was paid to Rockafellow, and it ceased to have any force or effect. It became, using its language, "void." Was it revived?

There are authorities which seem to hold that if a mortgagor, or other person under obligation to pay the mortgage debt, "pay the mortgagee the amount secured by the mortgage, yet if it is agreed at the time, and payment is received, on the condition that the mortgage should be kept alive and transferred to another creditor of the mortgagor, such an agreement would be valid," and the payment would not extinguish the mortgage. It is said that the result is the same as if the creditor purchased the mortgage with means furnished by the debtor. *Champney* v. *Coope,* 32 N. Y. 543; *Hubbell* v. *Blakeslee,* 71 *id.* 63; *Coles* v. *Appleby,* 87 *id.* 114; *Houseman* v. *Bodine,* 122 *id.* 158.

But, conceding this to be the correct doctrine, it is not applicable to the facts in this case. The note in question was paid unconditionally. There was no agreement that the deed of trust should be kept alive for the purpose of being transferred to another creditor. The

payment to Rockafellow had full effect, and accomplished its design, which was the satisfaction of the note, before there was any effort or agreement to revive the deed of trust.   There was no effort to keep it alive.   Its life was extinguished, and it was *functus officio* before the transfer to Bailey.   It has subserved the object of its creation.   The effort of appellant in this action is to make it a new security for a purpose entirely different from that for which it was executed.   Such effort is based upon facts which exist wholly in parol, and if successful would establish an oral mortgage.   It is settled that that cannot be done in this State.   *Whiting* v. *Beebe*, 12 Ark. 428 ; *Johnson* v. *Anderson*, 30 Ark. 745 ; *Wells* v. *Rice*, 34 Ark. 346.

In *Thompson* v. *George*, 86 Ky. 311, "the appellee, George, in December, 1867, loaned to George Thompson one thousand dollars, and took the joint note of Thompson and wife, payable in three months, for one thousand and thirty-six dollars, the amount loaned and the agreed interest.   To secure the payment of this note, a mortgage was executed on a lot in the city of Paducah." Thompson "paid off the note, and it was surrendered to him by George, and the original mortgage that had been recorded was also surrendered to the debtor.   Sometime after the payment of this debt, Thompson borrowed of George one thousand dollars more, that seems to have no connection in any way with the original borrowing.   As evidence, however, of the second loan, no note whatever having been given, the note executed for the first loan was re-delivered by Thompson to George, as well as the mortgage, to secure the payment of the second loan." Thompson died ; appellant administered on his estate ; and appellee brought an action on the first note to foreclose the mortgage.   The court said :   "It is manifest that the old note did not evidence the debt, and that the appellee, George, has the parol agreement only of

Thompson, that a mortgage once released and the lien removed shall stand for some other debt than the one originally secured by it.   *   *   *   The mortgage has answered its purpose, and is no longer evidence of title in either the mortgagee or mortgagor.   It may be useful to the latter in showing that the lien has been removed, but being invested with the fee, it cannot constitute a link in the chain of title.   It is simply a parol agreement that some other note fully paid prior to the transaction shall evidence the liability, and that a mortgage prior thereto, and released, shall be regarded as a security for the payment of a lease on a parol or implied promise to pay.   Liens cannot be created on land in such a mode ; but as Thompson's administrator is liable for the debt, and an amended pleading has been filed, presenting the real cause of action, a judgment should go against the administrator, but no lien exists." See *Anderson* v. *Neff*, 11 S. & R. 223 ; *Bowman* v. *Manter*, 33 N. H. 530.

Appellees and Fox are not estopped from questioning the existence of a mortgage lien.   There was no evidence that Dr. Bailey was led to believe that the note secured by the deed of trust was unpaid at the time it was transferred to him, or that he acted upon that presumption.   The agreement on which he relied was oral. Being within the statute of frauds, it had no binding force or effect, and could not estop a denial of a lien.   To give it, unaided by other facts, such force or effect would, practically, make it valid and binding, and annul the statute declaring such agreements void.   Liens on land cannot be created in such a manner.   *Lowell* v. *Daniels*, 2 Gray, 161 ; Bigelow on Estoppel (5th ed.), 349 ; 2 Herman on Estoppel, sec. 623.

The decree dismissing the action as to the administrator and heir of Mrs. Cressy is affirmed.