OBENNOSKEY *v.* OBENNOSKEY.

4-8888          220 S. W. 2d 610

Opinion delivered May 23, 1949.

*Oscar Barnett,* for appellant:

*R. D. Rouse,* for appellee.

Minor W. Millwee, Justice. Appellee, Bonnie Mae Obennoskey, instituted this suit against the appellant, Hoail Allen Obennoskey, for a divorce on the grounds of personal indignities and cruelty. Appellee also asked for custody of their six months old child and a second unborn child she was expecting, and for support and suit money.

Appellant filed an answer denying the material allegations of the complaint and alleging that the trouble between the parties was the result of her parents trying to force appellee and appellant to make their home with the parents.

At the trial held in September 13, 1948, appellee offered the testimony of herself, her parents and three physicians. Appellant offered no evidence, but prosecutes this appeal from a decree awarding appellee a

divorce, custody of their two children, aged 16 months and two months, respectively, and $35 per month for the support of the two children.

At the time of their marriage at Benton, Arkansas, in April, 1946, appellant was 26 years of age while appellee was only 15 years of age. Appellant was regularly employed as a sawmill worker and on April 1, 1947, the couple moved to Stamps, Arkansas, where their first child was born on May 1, 1947. On June 1, 1947, the parties moved to Hope, Arkansas, where appellant became employed. Appellee suffered from a female disorder following the birth of her first child which rendered sexual intercourse extremely painful and dangerous to her health. Appellant not only refused to provide medical attention for appellee, but forced her to submit to incessant and excessive acts of sexual intercourse which impaired her health. We omit a detailed recital of the morbid and delicate matters relating to the physical agony and mental anguish suffered by appellee because of the compulsory and excessive sexual demands of appellant from June 1, 1947, to June 28, 1947. When appellee left appellant June 28th and returned to the home of her parents at Stamps, Arkansas, she was ill and her nervous system prostrated. After returning to Stamps, appellee's health rapidly improved under the treatment of a physician who advised her to abstain from sexual intercourse until her condition was fully corrected.

On or about August 1, 1947, appellant came to Stamps and requested appellee to move with him to Prescott, Arkansas, where he had obtained employment. Appellee consented upon appellant's promise to refrain from his prior misconduct. Appellant failed to live up to his promise and resumed the mistreatment which was continued until October 22, 1947, when appellee again left him and filed the instant suit on November 3, 1947.

It was shown without contradiction that appellee was in good health when she married appellant and that on each of the occasions that she was forced to leave appellant she was broken in health, but rapidly

recovered as soon as she ceased cohabiting with him. Appellee was pregnant when she left appellant the last time and their second child was born July 8, 1948.

For reversal of the decree appellant first insists that appellee was only 17 years of age at the time of the filing of the instant suit and was, therefore, without capacity to maintain the action. Appellant relies on the case of Davie v. Padgett, 117 Ark. 544, 176 S. W. 333. In that case the court construed Ark. Stats. (1947), § 27-823, which provides that the action of an infant must be brought by a guardian or next friend, and held that the incapacity of an infant to sue in his own name may be waived and is waived by the defendant's failure to take advantage of the defense either by demurrer or answer as provided in Ark. Stats. (1947), § 27-1119. Here appellant waived the objection that appellee was an infant by pleading to the merits without raising the objection in the trial court and that question may not be raised for the first time on appeal. Barnett v. McClain, 153 Ark. 325, 240 S. W. 415. Moreover, appellee became 18 years of age several months before the trial and was empowered to proceed in the capacity of an adult when the decree was rendered. Coca-Cola Bottling Co. v. Davidson, 193 Ark. 825, 102 S. W. 2d 833.

It is next contended that excessive sexual intercourse is not a ground for divorce under Arkansas law. While this court has not passed on the question, it is well settled by the authorities generally that excessive sexual demands of a husband, injurious to the health of the wife, to which she is compelled to submit, constitute cruelty entitling the wife to a divorce. 27 C. J. S., Divorce, § 30; 17 Am. Jur., Divorce and Separation, § 76; Schouler Divorce Manual, § 89; Keezer, Marriage and Divorce (3rd Ed.), § 362.

The facts in the instant case are like those in Hines v. Hines, 192 Iowa 596, 185 N. W. 91, where the court said: "A wife has the right to protect her health and her life from the ungoverned lust of her husband by seeking a divorce. Such an action presents as strong a case for relief as when she flees from his intolerable

cruelty inflicted by other means. It is personal violence under another name, and cannot be justified under the claim of the exercise of his marital rights. These rights are reciprocal, and exist on the part of the wife as distinctly as on the part of the husband. It is true that marital rights involve marital duties, and include the duty of forbearance on the part of the husband at the reasonable request of the wife, as well as the duty of submission on the part of the wife at the reasonable request of the husband. In the decision of such matters a court must take into consideration the duty of the husband as well as the duty of the wife. To unduly emphasize either would be manifestly unjust.''

A spouse may be guilty of ''cruel and barbarous treatment'' under our statute (Ark. Stats. 1947, § 34-1202) without the infliction of blows. The test is stated in Kientz v. Kientz, 104 Ark. 381, 149 S. W. 86, as follows: ''In order to constitute cruel treatment, which our law recognizes as ground for divorce, there must be proof of willfulness or malice on the part of the offending spouse, and the effect of that treatment must be to impair or threaten the impairment of the complaining party's health or such as to cause mental suffering sufficient to make the condition of the complaining party intolerable.'' We conclude that appellee has met this test and that appellant's mistreatment constituted cruelty within the meaning of our statute.

It is next argued that the testimony of appellee is uncorroborated and that the evidence is, therefore, insufficient to support the decree. In Hines v. Hines, supra, the wife's testimony concerning excessive sexual demands of her husband was held sufficiently corroborated by proof that, prior to leaving her husband, she was in poor health and suffering from vaginitis, which had not responded to medical treatment, and that upon complying with her physician's requirement of temporary separation, the medical treatment was successful and health returned. See, also, McAllister v. McAllister, 28 Wash. 613, 69 Pac. 119.

In Morgan v. Morgan, 202 Ark. 76, 148 S. W. 2d 1078, we approved the rule stated in 17 Am. Jur., Divorce and Separation, § 386, as follows: "It is not necessary that the testimony of the complaining spouse be corroborated upon every element or essential of his or her divorce. It has been said that since the object of the requirement as to corroboration is to prevent collusion, where the whole case precludes any possibility of collusion the corroboration only needs to be very slight." See, also, Goodlet v. Goodlet, 206 Ark. 1048, 178 S. W. 2d 666.

The testimony of appellee relative to the excessive sexual demands of appellant was amply corroborated by the testimony of appellee's parents and three physicians who treated appellee. This evidence established the fact that appellee suffered from a female disorder; that excessive sexual intercourse would result in the suffering experienced by appellee and that her broken condition of health rapidly improved upon each occasion that she left appellant. It was also shown by the testimony of appellee's parents that appellant refused to provide proper medical attention for appellee and that he promised to refrain from previous sexual abuses when appellee agreed to live with him at Prescott, Arkansas.

Appellant also contends that the return of appellee to the home at Prescott in August, 1947, amounted to condonation of the charges of cruelty and indignities. The undisputed evidence discloses that appellee resumed the marital status with appellant upon the express condition that he would refrain from past misconduct and with proper respect for the condition of her health. Appellant broke his promise and resumed the former mistreatment which thereby impaired the health of appellee to the point of endangering her life if it had been continued. Condonation for the offense of cruel and barbarous treatment is only conditional forgiveness and if the offense be repeated, it revives the right of action. In other words, the voluntary cohabitation with complete forgiveness will condone prior cruelty only so long as the prior offense is not repeated. 17 Am. Jur., Divorce and Separation, § 202; Longinotti v. Longinotti,

169 Ark. 1001, 277 S. W. 41; Denison v. Denison, 189 Ark. 239, 71 S. W. 2d 1055; Franks v. Franks, 211 Ark. 919, 204 S. W. 2d 90. In the Longinotti case the court said: "The law is well settled that either spouse may condone conduct of the other which, but for the condonation, would entitle the innocent spouse to a divorce. But it is equally as well settled that condonation does not deprive the aggrieved spouse of the right to a divorce on account of the subsequent misconduct of the offending spouse. On the contrary, subsequent misconduct will generally operate to revive the right to a divorce for the condoned offense." If the condition upon which cohabitation is resumed is broken by further misconduct, condoned past conduct may then be relied on in support of an action for divorce. Franks v. Franks, supra. Under the uncontradicted evidence here the doctrine of condonation has no application.

The decree is correct and is affirmed.