## F. J. GRIFFITH *v.* Edgar ROZELL et al

5-5814                                      478 S.W. 2d 762

Opinion delivered April 3, 1972

[Rehearing denied May 8, 1972]

*Dobbs, Pryer & Hubbard,* for appellant.

*Carl Creekmore,* for appellee.

Conley Byrd, Justice. This litigation arises out of a three car collision on Highway 59 near its intersection with Interstate 40. Appellant F. J. Griffith was traveling in a southerly direction, followed by appellee Jimmy Rozell driving an automobile owned by his uncle Edgar Rozell. Griffith attempted a left turn into a Gulf service station. While part of his car was in the north bound lane Griffith was struck by a vehicle driven by appellee Carl Richmond, and owned by appellee and cross-appellant Randall Ford, Inc. After striking Griffith, the Richmond vehicle then collided in the south bound lane with the Rozell vehicle. Jimmy Rozell, by his next friend Edgar Rozell, and Edgar Rozell individually brought suit against Griffith. Griffith filed a third party complaint against Richmond and Randall Ford, Inc. The attorney representing Rozell, notwithstanding the apparent conflict, filed an answer and cross-complaint on behalf of Carl Richmond against Griffith. Randall Ford, by other counsel, filed an answer and cross-complaint. Subsequently Randall Ford's cross-complaint was dismissed with prejudice. Upon trial the jury, in answer to interrogatories, found that Rozell was not negligent, that Griffith was not negligent

and that Carl Richmond was negligent and at the time was acting as an agent within the scope of his employment with Randall Ford, Inc. No interrogatories on damages were submitted to the jury. Thereafter, the Rozells, represented by other counsel, filed a motion to set aside the verdict on the ground that the verdict was contrary to an overwhelming preponderance of the evidence. Richmond also filed a motion for a new trial contending that the court erred in instructing and directing his attorney not to mention a settlement between Griffith and Randall Ford, Inc., and also because the verdict was contrary to a preponderance of the evidence. Thereafter, the trial court entered the following order:

> "Now on this 23 day of April 1971 comes on for consideration the Motions previously filed by the plaintiff, Edgar Rozell and by the third party defendant, Carl Richmond, asking that this Court set aside the verdict previously received herein and grant to the respective parties a new trial, and from the pleadings, the file, the briefs heretofore filled by the parties hereto, the arguments of counsel and other matters and things the Court has prepared and filed its opinion relative thereto in the form of a letter to the respective counsel, and in accordance therewith:

> "IT IS, THEREFORE, Considered and Ordered that the Motion to set Aside Verdict filed herein by the plaintiff, Edgar Rozell, be and the same is hereby, granted, and the Motion to Set Aside Verdict filed by the third party defendant, Carl Richmond, be, and the same is hereby, granted and a new trial is hereby granted.

> "IT IS, FURTHER, Considered and Ordered that any of the parties herein shall have the right to file any additional pleadings herein if any of said parties should so desire to do."

For reversal of the trial court's order setting aside the jury verdict, Griffith contends that the trial court abused its discretion in granting a new trial against him in order to permit the plaintiffs to seek recovery against a third party defendant. Randall Ford, Inc., also appeals and contends that the trial court abused its discretion in granting

a new trial and in the alternative that the evidence was not sufficient to permit a finding that Carl Richmond was acting as an agent of Randall Ford, Inc., in the scope of his employment at the time.

This appeal probably results from some rather inconclusive statements of the trial court in his letter opinion to counsel stating his reasons for granting the motions to set aside the verdict. Appellants point to that portion of the opinion as follows:

> ". . . It is recognized that it is sometimes necessary that in order to see that justice is done to one party some injustice might necessarily be done to another party. . .".

The appellees on the other hand point to the following portions of the opinion:

> ". . . It would then only seem to be a matter of a court in its best judgment, doing that which is fair, reasonable, equitable and just under the circumstances and facts of the particular case before the court within the bounds of reasonable use of the court's discretion. . .".

> " . . . On the other hand however the court does have the ultimate responsibility to endeavor to see that justice is done in any lawsuit which comes before the court."

> "In view therefore of the applicable law, the pleadings filed herein, the testimony offered at the trial of this case, the interrogatories submitted and answered by the jury it is the Court's opinion that in order that justice be more properly done the verdict of the jury, as reflected by the answers to the interrogatories submitted by the court, should be set aside and a new trial granted to both the plaintiff and the third party defendant, Carl Richmond. In view of this action by Court any of the parties to this law suit shall be granted the right to file any additional pleadings they might so desire herein."

That the trial court's opinion leaves much to be desired in the way of clarity is demonstrated not only from the positions taken by the parties themselves but also by the difference of the opinions on this Court. However, when it is construed in connection with the order actually entered, we feel that it must be interpreted as holding that the jurors' answers to the interrogatories are contrary to a preponderance of the evidence. That the trial court has discretion to act where he considers the verdict to be contrary to preponderance of the evidence is supported by many decisions of this court. See *Koonce* v. *Owens*, 236 Ark. 379, 366 S.W. 2d 196 (1963), *Worth James Construction Co.* v. *Fulk*, 241 Ark. 444, 409 S.W. 2d 320 (1968) and *Bowman* v. *Gabel*, 243 Ark. 728, 421 S.W. 2d 898 (1967).

The record shows that Jimmy Rozell, age 18, was traveling south behind Griffith, age 21. Some 75 to 100 yards before Griffith made his turn, he gave a left turn signal. In making the turn Griffith made it so slowly that Rozell practically came to a stop. Griffith testified that he saw the Richmond vehicle when he began making his turn and at that time the Richmond vehicle was some 900 or more feet south of him. On cross-examination Griffith admits that some 5½ or 6 feet of his vehicle was still on the highway when the tail end of the Richmond vehicle struck the right side of Griffith's vehicle. Richmond testified that he did not see the turning Griffith vehicle until he (Richmond) was between the two entrances to the Gulf service station and that at that time the Griffith vehicle was at an angle. He testified that Griffith hit him and knocked him across the lane into the Rozell vehicle. Billy Howell, a passenger in the Griffith vehicle, testified that they had already given thier left turn signal and started their turn when he first saw the Richmond vehicle. He estimates that the Richmond vehicle was 400 yards or something like that away from them at that time. There was considerable difference between the witnesses as to the speed of the Richmond vehicle. Admittedly, however, the Richmond vehicle laid down approximately 120 feet of skid marks.

Gary Wilkins, an attendant at the service station, testified about the speed of the Richmond vehicle and that

he laid down 126 feet of skid marks. He too admits that Griffith's car was sticking out into the north bound lane some 5½ or 6 feet at the time of the collision. Tommy Martin, investigating officer at the scene of the collision, testified that he stepped off some 40 or 50 steps of skid marks which he estimated to be between 120 and 150 feet.

If the trial court had taken the testimony of Griffith and his witnesses at face value, it would have shown that the Richmond vehicle traveled 900 to 1200 feet during the time the Griffith vehicle traveled only 10 to 12 feet across the north bound lane—indicating a speed in excess of 300 miles per hour. Thus we cannot say that the trial court abused its discretion.

We do not reach Randall Ford's, Inc., alternative argument on appeal because it does not abstract the objections it made. Upon our search of the record we have been unable to find where it had at any time asked the trial court to direct a verdict in its favor. Under the record here there is no verdict against it, no judgment against it and no showing that it ever requested the trial court to rule upon the issue. We will not reach an issue for the first time on appeal. *Fine* v. *City of Van Buren*, 237 Ark. 29, 371 S.W. 2d 132 (1963).

Affirmed.