Patricia BROWN, Individually and as Administratrix of the
Estate of Michael Steven Brown, Deceased  *v.*
NATIONAL HEALTH CARE of POCAHONTAS, INC., d/b/a
Randolph County Medical Center, Tina Hall, Mary Craig, Rose
Throesch, Dr. Jeff Hall, John Doe #1, and John Doe #2

CA 07-583                                              283 S.W.3d 224

Court of Appeals of Arkansas
Opinion delivered April 16, 2008

*Rees Law Firm*, by: *David Rees*; and *Woodruff Law Firm, P.A.*, by: *Arlon L. Woodruff*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *John Dewey Watson, Jason B. Hendron* and *J. Adam Wells*, for appellees National Healthcare of Pocahontas, Inc., Tina Hall, Mary Craig, and Rose Throesch.

*Womack, Landis, Phelps, McNeill & McDaniel, P.A.*, by: *Paul McNeill* and *Jeff Scriber*, for appellee Dr. Jeff Hall.

SAM BIRD, Judge. Appellant Patricia Brown, individually and as special administratrix of the estate of her husband, Michael Steven Brown, appeals from an order of the circuit court that granted appellees' motions for summary judgment and dismissed her complaint as barred by the applicable statute of limitations. We reverse the court's order of dismissal with respect to appellee National Healthcare of Pocahontas, Inc., d/b/a Randolph County Medical Center (hereinafter "Randolph County Medical Center" or "Randolph"). However, because no complaint was filed against appellees

Tina Hall, Mary Craig, Rose Throesch, and Dr. Jeff Hall by a person vested with authority to act on behalf of the estate within the two-year statute-of-limitations period, we affirm with respect to these appellees.

Michael Steven Brown died on February 15, 2002, while a patient at Randolph County Medical Center. On April 11, 2003, appellant filed a petition for appointment as special administrator of Michael's estate, which was granted, and an order appointing special administratrix was filed that same day. The order stated in pertinent part as follows:

> Patricia Brown be and is hereby appointed special administratrix of the estate of Michael Steven Brown, deceased, for a period and term of six months during which time she is empowered to and shall perform the following specific duties and acts: Pursue potential medical negligence, tort and insurance claims arising out of the incident that Michael Steven Brown was involved in on February 15, 2002; and upon termination of the duties set forth herein above or upon completion of the term of her appointment hereunder, whichever shall first occur, she shall immediately make a full and complete report of her actions and the condition and affairs of estate to this court. . . .

On June 10, 2003, appellant filed a complaint against Randolph County Medical Center, alleging a cause of action for medical malpractice relating to the care provided by Randolph to Michael Steven Brown. On February 12, 2004, appellant filed a second amended and supplemental complaint again naming Randolph as a defendant, and adding Tina Hall, Mary Craig, and Rose Throesch as additional defendants. On February 13, 2004, appellant filed a third amended and supplemental complaint adding Dr. Jeff Hall, John Doe #1, and John Doe #2 as additional defendants. On December 6, 2004, appellant obtained a voluntary nonsuit against all of the defendants.

Almost a year later, on November 17, 2005, appellant obtained an order extending the authority of her appointment as special administratrix "with the authority to pursue a wrongful death action, until such time as the civil suit is brought to a final conclusion." Letters of administration were issued. That same day, appellant filed a complaint against the same defendants that she had named in her second and third amended and supplemental complaints.

All of the defendants moved for summary judgment claiming, first, that appellant did not have standing to file her complaint because she did not have executed letters of administration at the time the initial complaint was filed on June 10, 2003, and, second, that the statute of limitations ran before she refiled her complaint on November 17, 2005. In her response, appellant claimed that letters of administration were not required for her to file a complaint because the order of appointment had been entered when she filed her complaint. She also asserted that the statute of limitations did not bar her lawsuit because Ark. Code Ann. § 16-62-102(c)(2) allows a wrongful-death action to be brought within one year from the date of a nonsuit without regard to the date of death of the person alleged to have been wrongfully killed. On February 27, 2007, the circuit court granted all of the defendants' motions for summary judgment and dismissed appellant's complaint.

Appellant contends that the circuit court erred in granting summary judgment for two reasons. First, she asserts that she was not required to have executed letters of administration in order to file her complaint. Second, she contends that the complaint was not barred by the statute of limitations.

■ With regard to appellant's first point, appellee Randolph County Medical Center concedes in its response that, in light of the supreme court's decision in *Steward v. Statler,* 371 Ark. 351, 266 S.W.3d 710 (2007), appellant was not required to have executed letters of administration in order to file a complaint against Randolph on June 10, 2003, because the order appointing appellant administratrix was entered before the complaint was filed, was effective at the time the complaint was filed, and empowered her to act for the estate without the necessity of letters of administration. The 2007 General Assembly enacted Act 438, which amended the statutory provisions pertaining to the issuance of letters of administration. The amendment provides that the order appointing the administrator empowers the administrator to act and that letters of administration "are not necessary to empower the person appointed to act for the estate." Ark. Code Ann. § 28-48-102(d) (Supp. 2007). In *Steward,* the supreme court held that Act 438 was procedural and was intended to be applied retroactively. *See also Banks v. Wilkin,* 101 Ark. App. 156, 272 S.W.3d 137 (2008).

Randolph also concedes that appellant's complaint against it was not barred by the statute of limitations. The parties agree that the statute of limitations for appellant's causes of action against the appellees was two years. *See St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002) (holding that the two-year statute of limitations period for medical-malpractice actions set forth in Ark. Code Ann. § 16-114-203 applies to all causes of action for medical injury, including wrongful-death actions). Appellant's initial complaint against Randolph was filed on June 10, 2003, well within the two-year statute of limitations. The complaint was nonsuited on December 6, 2004. Randolph concedes that, under the savings statute, Ark. Code Ann. § 16-62-102(c)(2), appellant had one year from the date of the nonsuit to refile her complaint against Randolph. Appellant did this by refiling her complaint on November 17, 2005. Accordingly, the circuit court erred in dismissing appellant's complaint against it, and therefore we reverse and remand the circuit court's order with respect to appellant's claims against Randolph.

The remaining appellees—Tina Hall, Mary Craig, Rose Throesch, and Dr. Hall—contend that the circuit court's order dismissing the complaint against them was correct because the statute of limitations ran as to the claims against them. They argue that, at the time of the filing of the amended complaints adding them as defendants on February 12 and 13, 2004, appellant had no authority to file suit on behalf of the estate.

The wrongful-death code does not create an individual right in a beneficiary to bring suit and, where no personal representative has been appointed, a wrongful-death suit must be filed with all of the heirs at law of the deceased joined as parties to the suit. Ark. Code Ann. § 16-62-102(b) (Supp. 2005); *see also Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002). There is no argument here that all of the heirs at law were parties to this suit. Therefore, the question is whether appellant was the personal representative of her husband's estate at the time she filed her complaints against the remaining appellees.

Pursuant to Ark. Code Ann. § 28-48-103, a court may appoint a special administrator "for a specified time, to perform duties respecting specific property or to perform particular acts, as stated in the order of appointment." In this case, the order appointing appellant on April 11, 2003, as special administratrix

specifically stated that the term was for six months; thus, her term expired on October 11, 2003, before she filed complaints against all of the appellees except for Randolph. The supreme court has made it clear that, unless a person is the personal representative or executor of the estate at the time of filing, he has no standing to file a complaint on behalf of the estate and any complaint filed is a nullity. *See Johnson v. Greene Acres Nursing Home Ass'n*, 364 Ark. 306, 219 S.W.3d 138 (2005). Because her complaint was a nullity, her nonsuit on December 6, 2004, did not dismiss these complaints; it dismissed only the properly filed complaint against Randolph.

■ Appellant filed a petition for extension of appointment, which was granted on November 17, 2005. That same day, appellant filed another complaint against all of the appellees. This complaint was filed more than two years after the death of Michael Steven Brown, which occurred on February 15, 2002.[1] Because the first complaints filed against the remaining appellees (other than Randolph) were nullities, the November 17, 2005 complaint is the first complaint filed against them by a properly appointed personal representative. No savings statute applies. The two-year statute-of-limitations period expired on February 15, 2004. Thus, appellant's complaint against the remaining appellees is barred by the statute of limitations. Accordingly, we affirm the circuit court's order granting summary judgment and dismissing the complaints against these appellees.

Affirmed in part; reversed and remanded in part.

GLOVER and MILLER, JJ., agree.

---

[1] As mentioned above, Randolph concedes that, as to it, the complaint was timely because of the savings statute, Ark. Code Ann. § 16-62-102(c)(2).