

# SUPREME COURT OF ARKANSAS

**No.** CV–13–12

|  |  |
|---|---|
| RONNIE TAYLOR, AS SPECIAL PERSONAL REPRESENTATIVE OF THE ESTATE OF L.C. TAYLOR, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF L.C. TAYLOR<br><br>APPELLANT<br><br>V.<br><br>MCSA, LLC, D/B/A/ MEDICAL CENTER OF SOUTH ARKANSAS; COURTYARD REHABILITATION AND HEALTH CENTER, LLC, D/B/A/ COURTYARD REHABILITATION AND HEALTH CENTER; SA ELDERCARE, LLC; JEJ INVESTMENTS, LLC; UNION ASSETS, LLC; SUMMIT HEALTH RESOURCES, LLC; PROCARE THERAPY SERVICES, LLC; JOHN PONTHIE; ROSS M. PONTHIE; AND MARK THOMPSON<br><br>APPELLEES | **Opinion Delivered** October 31, 2013<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. CV-2010-198-4]<br><br>HONORABLE MICHAEL R. LANDERS, JUDGE<br><br><br><br>REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Pursuant to a certification under Rule 54(b) of the Arkansas Rules of Civil Procedure, appellant Ronnie Taylor, as special personal representative of the estate of L.C. Taylor, deceased, and on behalf of the wrongful–death beneficiaries of L.C. Taylor (Ronnie), appeals the orders entered by the Union County Circuit Court granting the motions to dismiss presented by appellees MCSA, LLC, d/b/a/ Medical Center of South Arkansas; Courtyard

Rehabilitation and Health Center, LLC; SA Eldercare, LLC; JEJ Investments, LLC; Union Assets, LLC; Summit Health Resources, LLC; ProCare Therapy Services, LLC; John Ponthie; Ross M. Ponthie; and Mark Thompson. For reversal, Ronnie contends that the circuit court erred in ruling that the actions of the prior special personal representative of the estate were invalid and that the complaints filed by the former special personal representative were nullities. Alternatively, he argues that the circuit court erred in finding that the two-year statute of limitations for medical-malpractice claims applies to all causes of action that were asserted in his complaint. We assumed jurisdiction of this case from the court of appeals as involving an issue of first impression; hence, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(b)(1) (2013). We reverse and remand on the first point, making it unnecessary to consider the second issue.

The record discloses that L.C. Taylor was admitted as a patient to appellee Medical Center of South Arkansas (MCSA) on December 23, 2008, with admitting diagnoses of confusion, dehydration, and renal failure. He remained in the hospital until January 6, 2009. Upon his discharge from MCSA on that date, Taylor became a resident of appellee Courtyard Rehabilitation and Health Center (Courtyard). On February 2, 2009, Taylor returned to MCSA, where he died that same day.

On June 3, 2010, Bobby Taylor, as special personal representative of the estate of L.C. Taylor and on behalf of the wrongful-death beneficiaries of L.C. Taylor (Bobby), filed suit in the Union County Circuit Court against MCSA, Courtyard, and appellees SA Eldercare and JEJ Investments. This civil case was assigned to Circuit Judge Susan O. Hickey. The

complaint alleged that Taylor did not have pressure sores when he was admitted to MCSA but that he developed Stage II decubitus ulcers to his right hip and buttocks area prior to his discharge. Bobby claimed that the pressure sores worsened during Taylor's residency at Courtyard and that, when Taylor was readmitted to MCSA, he was suffering from a severely infected, fist-sized decubitus ulcer on his back and also from other pressure ulcers that had either developed or worsened during his stay at Courtyard. The complaint also alleged that Taylor died as a result of complications associated with the infected pressure sores, and it asserted causes of action for medical malpractice against MCSA and Courtyard; negligence against Courtyard, SA Eldercare, and JEJ Investments (collectively nursing-home defendants); violations of the Arkansas Long-Term Residents' Rights Act, Arkansas Code Annotated sections 20-10-1201 to -1209 (Repl. 2005), against Courtyard; and a claim against the nursing-home defendants for civil liability under Arkansas Code Annotated section 16-118-107 (Repl. 2006). Attached as an exhibit to the complaint was an order appointing Bobby as the special personal representative of the estate entered on March 16, 2009, by Circuit Judge Michael R. Landers, sitting in the Probate Division of the Union County Circuit Court. On May 9, 2011, Bobby filed a first amended complaint to include as additional nursing-home defendants appellees Union Assets, Summit Health Resources, ProCare Therapy Services, John Ponthie, Ross Ponthie, and Mark Thompson.

On July 28, 2011, MCSA filed a motion to dismiss the complaints filed by Bobby in his capacity as special personal representative of the estate. In the motion, MCSA alleged that, during a deposition taken on June 8, 2011, Bobby disclosed that he had been convicted of

felony mail fraud some thirty years ago. It asserted that, according to Arkansas Code Annotated section 28-48-101(b)(3) (Repl. 2012), Bobby, as a convicted and unpardoned felon, was not qualified to serve as special personal representative, and thus he lacked standing to file suit. In turn, MCSA argued that the order appointing Bobby as special representative should be vacated, and it asserted that the complaints he filed in that capacity were nullities. Further, MCSA urged that a dismissal with prejudice should follow because the two-year statute of limitations for medical malpractice had expired. Courtyard and the other nursing-home defendants later joined in this motion.

Ronnie, as the recently appointed special personal representative of the estate,[1] responded to the motion to dismiss.[2] In the response, Ronnie acknowledged that Bobby's felony conviction rendered him ineligible to serve as a personal representative, but he argued that dismissal of the lawsuit was not warranted. He asserted that the actions taken by Bobby prior to his removal as special personal representative remained valid, even though he was unqualified. Ronnie also contended that only the probate division had jurisdiction to decide whether the order appointing Bobby should be vacated, and he argued that, even if the probate order were vacated, it would not affect the validity of Bobby's actions as the duly appointed special personal representative. The circuit court held a hearing on August 31, 2011, and took the motion to dismiss under advisement.

---

[1]The record reflects that Ronnie succeeded Bobby as the special personal representative of the estate by an order of the probate division dated July 28, 2011.

[2]In the heading of the response, Ronnie, as the special personal representative, was named as the plaintiff in place of Bobby.

Thereafter, on October 17, 2011, Ronnie filed a second amended complaint. The style of the complaint again named Ronnie as the plaintiff in his capacity as special personal representative of the estate, and the complaint realleged and reaffirmed the facts and allegations contained in the initial and first amended complaints that were filed by Bobby as the special personal representative of the estate.

Also on October 17, 2011, the circuit court entered an order dismissing with prejudice the complaint against MCSA. The court ruled that Bobby, as a convicted felon, was not qualified to serve as special personal representative of the estate. Citing *Brown v. National Healthcare of Pocahontas, Inc.*, 102 Ark. App. 148, 283 S.W.3d 224 (2008), the court also ruled that any action taken by him in that capacity was a nullity, including the filing of the complaints, because he lacked standing to file suit. By like order entered that same date, the circuit court dismissed with prejudice the claims asserted against Courtyard, SA Eldercare, JEJ Investments, Union Assets, Summit Health Resources, and ProCare Therapy Services.

On October 24, 2011, John Ponthie, Ross Ponthie, and Mark Thompson filed a motion for order of dismissal. They alleged that, although they had joined in MCSA's motion to dismiss, the circuit court inadvertently neglected to include them in the dismissal orders.[3] On November 1, 2011, Ronnie filed a motion to amend the dismissal orders to reflect a dismissal without prejudice of the claims asserted against the various nursing-home defendants for ordinary negligence, the violations of the Arkansas Long-Term Residents' Rights Act, and for civil liability under section 16-118-107. He asserted that these claims were governed by

---

[3]Judge Hickey entered the dismissal orders just prior to her resignation as circuit judge.

SLIP OPINION

a three-year statute of limitations and that the second amended complaint filed by him was timely with regard to those claims. Ronnie also filed a motion seeking reconsideration of the prior orders declaring that the complaints filed by Bobby were nullities.

After a hearing held on January 31, 2012, the circuit court issued a letter opinion denying Ronnie's motion for reconsideration.[4] The court confirmed the previous rulings that Bobby did not have the authority to act on behalf of the estate because of his disqualification as a felon and that the complaints he filed were nullities. In this regard, the circuit court reasoned,

> Bobby Taylor was a convicted felon long before he ever petitioned the Court to serve in a capacity for which he was by statute unqualified to serve. At no time was he a qualified representative, and at no time did he have the authority to act in behalf of the estate. Therefore, there was no valid probate order appointing Bobby Taylor as personal representative.

The court also denied Ronnie's motion to amend the previous orders to a dismissal without prejudice, finding that all the claims asserted were governed by the two-year statute of limitations found in the Medical Malpractice Act. The circuit court entered an order dismissing the claims against John Ponthie, Ross Ponthie, and Mark Thompson on June 21, 2012. The court subsequently issued a final order under a Rule 54(b) certificate on November 26, 2012.[5] This appeal followed.

Before reaching the merits of the appeal, we must first address a threshold matter raised

---

[4]At this point in the litigation, Judge Landers was presiding over both the civil case and the probate case.

[5]Courtyard and the nursing-home defendants had filed a cross-claim against MCSA, and in turn MCSA had filed a cross-claim against them. The cross-claims remained outstanding.

by appellees in their briefs. They contend that Ronnie, as special personal representative of the estate, never became a party to the litigation because he failed to obtain an order from the circuit court substituting him as the plaintiff after he succeeded Bobby as the special personal representative. Appellees argue that Ronnie lacks standing to prosecute the appeal and that the appeal should be dismissed on grounds of subject-matter jurisdiction because an appellate court cannot act on an appeal by one who was not a party to the action below.[6] Otherwise, appellees assert that they did not waive the issue of standing because Courtyard, John Ponthie, and Mark Thompson noted the lack of substitution in their answers to the second amended complaint filed by Ronnie, and because the matter was mentioned at the hearing held on January 31, 2012. Ronnie responds that appellees did waive this issue, and he also asserts that any argument made by appellees in circuit court was cursory and undeveloped.

Appellees' complaint is that Ronnie was not formally substituted as the plaintiff after succeeding Bobby as the special personal representative of the estate. Their argument is based on the law of revivor and substitution. On this subject, Arkansas Code Annotated section 16-62-108 (Repl. 2005) provides in part as follows:

> An order to revive an action in the names of the representatives or successor of a plaintiff may be made forthwith. However, an order to so revive the action shall not be made without the consent of the defendant after the expiration of one (1) year from the time when the order might first have been made.

Also pertinent is Arkansas Code Annotated section 16-62-109 (Repl. 2005),[7] which

---

[6]Appellees first raised this issue in a motion to dismiss when the case was pending before the court of appeals. The court of appeals denied the motion by syllabus entry.

[7]We note that appellees cite Arkansas Code Annotated section 16-62-105 (Repl. 2005). However, we deemed subsections (a) through (e) of this statute superseded by the Arkansas Rules of Civil Procedure in the per curiam *In re Statutes Deemed Superseded by the*

states,

> When it appears to the court by affidavit that either party to an action has been dead, or, where he or she sues or is sued as a personal representative, that his or her powers have ceased for a period so long that the action cannot be revived in the names of his or her representatives or successor without consent of both parties, it shall order the action to be stricken from the docket.

In addition, Rule 25 of the Arkansas Rules of Civil Procedure, which governs the substitution of parties, provides in relevant part,

> (a) *Death.* (1) If a party dies and the claim is not thereby extinguished, the Court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party, and such substitution may be ordered without notice or upon such notice as the Court may require.

In discussing the interplay between the revivor statutes and Rule 25, this court made clear in *Ausman v. Hiram Shaddox Geriatric Center*, 2013 Ark. 66, ___ S.W.3d ___, that while Rule 25 governs the procedure for substituting a party, the one-year statute of limitations found in section 16-62-108 remains in effect.

However, the requirement of substitution is subject to waiver. This court has recognized that, when a motion for revivor is not made in a timely manner, and a representative continues the action without objection, it has generally been considered a waiver of such a motion. *Speer v. Speer*, 298 Ark. 294, 766 S.W.2d 927 (1989). *See also Short v. Stephenson*, 239 Ark. 287, 388 S.W.2d 912 (1965); *Obennoskey v. Obennoskey*, 215 Ark. 358, 220 S.W.2d 610 (1949). We also have declined to address this issue for the first time on

---

*Arkansas Rules of Civil Procedure*, 290 Ark. 616, 719 S.W.2d 436 (1986). *See Deaver v. Faucon Props., Inc.*, 367 Ark. 288, 239 S.W.3d 525 (2006). We also observe that section 16–62–105 was repealed by Act 1148 of 2013.

appeal. *McDonald v. Petty*, 254 Ark. 705, 496 S.W.2d 365 (1973). In *McDonald*, we wrote,

> Although the appellees reserved the right to object to the revivor action, no objection was ever raised until after the cause reached this court on appeal. Therefore, since this issue is presented for the first time on appeal, we do not reach it. *Griffith v. Rozell*, 252 Ark. 280, 478 S.W.2d 762 (1972).

*Id.* at 710, 496 S.W.2d at 368.

Similarly, in *Bulsara v. Watkins*, 2012 Ark. 108, 387 S.W.3d 165, the appellee filed a motion to dismiss the appeal in which she argued that the notice of appeal filed by the appellant personal representative was a nullity because the personal representative had been discharged when the notice of appeal was filed. We denied the motion to dismiss, holding that the discharge did not bar the personal representative's ability to obtain a final order or to prosecute the appeal. In reaching that decision, we quoted our previous decision in *Bailey v. Rockafellow*, 57 Ark. 216, 21 S.W. 227 (1893), where this court said,

> The first question to be decided is raised by the contention of appellees to the effect that Bailey had no right to prosecute the action as administrator after his discharge. Regularly the action should have been revived in the name of the proper parties, but the court did not lose jurisdiction of it. The discharge was no bar to the action. The defendants could have taken advantage of it by a supplemental answer in the nature of a plea in abatement. But they had a right to waive it, and permit the cause to be tried upon its merits, without revivor, and did so with notice of the fact, by a failure to plead it in any manner. *Spalding v. Wathen*, 7 Bush, 659; Mansf. Dig. §§ 5028, 5031.

*Bailey*, 57 Ark. at 218–19, 21 S.W. at 228.

In this case, Ronnie made no formal request for substitution within the one-year limitations period. However, Ronnie, as the special personal representative of the estate, defended the motions to dismiss that were based on Bobby's disqualification and later sought reconsideration of the dismissal orders. In his pleadings, Ronnie was named as the plaintiff in the case. The circuit court listed Ronnie as the plaintiff in the case in the dismissal orders

9

of October 17, 2011, and June 21, 2012. Likewise, the judgment containing the Rule 54(b) certificate entered on November 26, 2012, named Ronnie as the plaintiff. Thus, beginning with his August 15, 2011 response to the motion to dismiss, Ronnie undertook the prosecution of this case, and the circuit court's orders reflect this fact. Although the answers to the second amended complaint, dated October 24, 2001, and November 7, 2011, mentioned that no substitution had taken place under the Arkansas Rules of Civil Procedure, appellees "reserve[d]" their objections to Ronnie's standing as the plaintiff. At the January 31, 2012 hearing, the lack of substitution was discussed only briefly as an alternative argument to the statute-of-limitations issue. We note that these answers were filed and that the hearing took place well before the expiration of the one-year limitations period. When that period came to an end, appellees raised no objection. In particular, appellees did not argue that Ronnie lacked standing in opposition to the entry of the judgement and the Rule 54(b) certificate that allowed an appeal to proceed in the absence of a final order. Under these circumstances, we conclude that appellees waived this issue, and we decline to dismiss the appeal.

Having concluded that appellees waived this issue, we necessarily reject their contention that Ronnie's failure to formally substitute deprives this court of subject-matter jurisdiction because he lacks standing to pursue an appeal. Subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and is a matter this court is obliged to raise on its own when the parties do not. *Jonesboro Healthcare Ctr., LLC v. Eaton-Moery Envtl. Servs., Inc.*, 2011 Ark. 501, 385 S.W.3d 797. Our law is clear that substitution can be waived and that it is an issue that we need not address for the first time on

appeal. *Speer*, *supra*; *McDonald*, *supra*. Because substitution can be waived and may not be raised for the first time on appeal, it follows that the failure to substitute does not call into question the jurisdiction of this court.

Pivoting to the issue raised on appeal, Ronnie contends that the circuit court erred in concluding that the actions taken by Bobby when he served as special personal representative were invalid and that the complaints Bobby filed were nullities. Ronnie asserts that Bobby's appointment was merely voidable but not void, and in making this argument, he refers us to Arkansas Code Annotated section 28-48-105(b) (Repl. 2012), and our decision in *Nickles v. Wood*, 221 Ark. 630, 255 S.W.2d 433 (1953). In support of the circuit court's decision, appellees rely on caselaw where complaints filed by personal representatives were considered nullities when the personal representatives were not empowered to act when the lawsuits were initiated. For instance, in *Brown*, *supra*, the court of appeals held that an amended complaint was a nullity because the special personal representative was appointed for a limited time, and the amendment was filed after the time period had expired. Also, in *Hubbard v. National Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 267 S.W.3d 573 (2007), the administratrix filed suit before the order appointing her was entered, and thus the complaint she filed was deemed a nullity. Likewise, in *Johnson v. Greene Acres Nursing Home Association*, 364 Ark. 306, 219 S.W.3d 138 (2005), the executor of the estate had been discharged. Although the executor had filed a motion to reopen the estate, the circuit court had not acted on the motion at the time the executor filed the complaint. Therefore, this court held that the complaint filed by the executor was a nullity. Ronnie responds that these cases are distinguishable because, here, Bobby had been appointed as the special personal representative

11



by the probate court when he filed the complaints.

The argument that Ronnie advances on appeal is the same one that is raised in the companion case being handed down this same day, *Estate of Taylor v. MCSA, LLC*, 2013 Ark. ___, ___ S.W.3d ___, where this court held that Bobby's acts as special personal representative were valid and that his appointment was not void ab initio. Based on the analysis and reasoning explained in that case, we also reverse and remand in this case. In light of this disposition, we need not reach Ronnie's alternative argument regarding the statute of limitations, as the complaints filed by Bobby were not untimely under either limitations period.

Reversed and remanded.

HART, J., not participating.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Tom Thompson* and *Casey Castleberry*; *Davidson Law Firm*, by: *Scott Davidson*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Jason J. Campbell*, *Mark D. Wankum*, and *Kyle E. Burton*; and *Kutak Rock*, by: *Jeff Fletcher*, for appellees.